(24 Misc. Rep. 20.)

### KULT v. NELSON.

(Supreme Court, Special Term, New York County.    June, 1898.)

BENEFICIAL ASSOCIATIONS—INSURANCE CERTIFICATE—CHANGE OF BENEFICIARIES.
  Plaintiff's mother received an endowment certificate entitling him to $1,000 on her death.    The society's laws provided that the certificate should not be made payable except to certain relations, including a son and husband, or a dependent, nor be transferred to any person not enumerated, and that if the beneficiary should die before the member, if no other designation was made, the claim should be paid to the husband, if living. Thereafter the mother lived with defendant as his wife, and surrendered the certificate to the society, and had a new one issued, payable to him, as her husband.    She had at the time a husband living in Germany, who before her death assigned his interest in the certificate to the defendant.    Held, that, defendant not being included in the list of beneficiaries, the attempted change was ineffectual.

Action by Karl Kult against Henry Nelson to determine the right to a fund paid into court.    Judgment for plaintiff.

John Bogart, for plaintiff.
M. Owen Roberts, for defendant.

DALY, J.    The plaintiff's mother, Wilhelmina Kult, became a member of the fraternal society, Ladies of the Maccabees, and on

June 5, 1894, received an endowment certificate entitling her son, this plaintiff, to $1,000 upon her death. The laws of the society provide that such certificate shall not be made payable to any other person than the husband, child, dependent, mother, father, sister, brother, aunt, uncle, niece, or nephew of the member, and that no certificate can be transferred to any person other than those enumerated. In case a member desires a change of beneficiary, a new certificate may be issued by the society, upon the written request of the member, and surrender of the outstanding certificate. After the receipt of the certificate above mentioned, Mrs. Kult commenced to live with the defendant, Nelson, as his wife, and afterwards surrendered her certificate to the society, and applied for a new one, payable to him, as her husband; and such a certificate was issued to her on August 17, 1896. She died on March 23, 1897, and the society having been sued by the infant plaintiff to recover the sum named in the original certificate, interpleaded this defendant, Nelson, who made a claim to the same fund by virtue of the subsequent certificate; and it paid the $1,000 into court. It appears that Mrs Kult was not married to Nelson; she having a husband living in Germany during the whole period covered by the transactions which are the subject of this action, and who survived her. This husband has made an assignment to the defendant, Nelson, of his rights under the second certificate, and the defendant bases some claim upon that assignment. The right of the infant plaintiff to recover the fund in court seems quite plain. No opposition to his claim is made, except by Nelson, under and by virtue of the second certificate; and that certificate is wholly unauthorized and ineffectual, being made to a beneficiary not included in the list of persons to whom certificates can be made payable or be transferred by the officers of the society. Nor can the assignment of the void certificate by the husband in Germany confer any rights. Such a form of assignment transfers no marital right, so as to qualify Nelson to be a beneficiary; nor can it have effect under the laws of the order, which provide that "in the event of the death of the beneficiary named in the certificate of membership, before the death of the member, if no other designation be made, the claim will first be paid to the husband, if living," because the contingency upon which this provision is limited has not occurred. No question can arise in this case growing out of the surrender of the original certificate. The society, which alone could defend upon any such ground, concedes that $1,000 is payable on the membership of Mrs. Kult, and deposits the money in court, to be awarded to the plaintiff or the defendant as the rightful owner. As the defendant has no right to it whatever, the plaintiff might have judgment on that ground. But his right as against the company is clear. The surrender of the original certificate being dependent upon a valid transfer of interest in the benefit secured by it, no surrender was accomplished by the attempted invalid transfer in favor of defendant. I say that the surrender was dependent upon a valid transfer being effected, and not otherwise; for it is not conceivable that the deceased would have surrendered the right to have the money go to her son if she had known that the transfer was invalid, nor that

the company intended a surrender in ignorance of the facts concerning her marriage to Martin Kult. As to the facts of the marriage to the latter, and that it had never been dissolved, I entertain no doubt whatever; nor do I think that they can be seriously questioned upon the evidence. Judgment for plaintiff, with costs.

Judgment for plaintiff, with costs.