(37 App. Div. 614.)

### MOAN v. NORMILE.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. BENEFICIAL ASSOCIATIONS—CERTIFICATE — SUBSTITUTION OF BENEFICIARIES.
   The substitution of a beneficiary in a benefit certificate issued while Laws 1883, c. 175, § 18, regulating the same, was enforced, is governed thereby, and not by the insurance law of 1892.

2. SAME—SURRENDER.
   A provision in the constitution of a benefit association that a member in good standing may at any time surrender his benefit certificate for a change of beneficiary does not preclude a substituted beneficiary from recovering where the change was made without a surrender, since this provision is intended for the benefit of the association, and may be waived.

3. SAME—FRAUD ON BENEFICIARY.
   A member of a beneficial association, whose certificate was made payable to his wife, and was in her possession, perpetrated no fraud on her by having another substituted as beneficiary without surrendering the certificate, the member having a right to make a change without her consent, and the association the power to waive the surrender, which was required by its constitution.

Appeal from special term.

Action by Susan Moan against Annie Normile to determine the right to a sum due under a benefit certificate. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

George C. Lay, for appellant.
Frederick E. Crane, for respondent.

PATTERSON, J. William J. Moan, a member of the Catholic Benevolent Legion, was in April, 1889, the holder of a benefit certificate issued by that association, and in it the plaintiff, his wife, was named as the beneficiary. She paid some of the assessments necessary to keep the certificate in force; and after Moan's death, which occurred in November, 1896, she, having possession of that certificate, claimed the amount secured by it, from the association. The defendant, Moan's daughter, claimed the same amount; and by an order of the supreme court entered in May, 1897, the association was permitted to pay the money into court, to await the determination of this action, which involves the ownership of that money as between the parties hereto. The defendant claims as a substituted payee or beneficiary under another certificate issued by the association at the procurement of Moan, in January, 1896. Thus, the plaintiff's asserted right is based upon an outstanding certificate in

her favor, as the wife of Moan, and the defendant's on another outstanding certificate in her favor, as the daughter of Moan; but both certificates relate to the same "benefit" or fund, and the one sum now on deposit in court. It was adjudged at special term that it belonged to the defendant, less the amounts paid by the plaintiff for premiums or assessments, and from that judgment the plaintiff appeals. .

That Moan had a right to change the beneficiary at his pleasure, that the plaintiff had no vested right secure against a change, to the amount of the certificate, and that the association could recognize and pay to the substituted nominee, are general propositions, not controverted by the appellant; but it is insisted that, as between these parties, the power to change or substitute one beneficiary for another could be exercised only in compliance with the supposed strict requirement of section 238 of the insurance law of 1892 (Laws 1892, c. 690), by which it is enacted, respecting associations such as the Catholic Legion, that "membership in any such society, order or association shall give to the member the right at any time upon the consent of such society," etc., "in the manner and form prescribed by its by-laws, to make a change in its payee, or payees, beneficiary or beneficiaries, without requiring the consent of such payee or beneficiaries." It is a sufficient answer to this contention to say that the certificate in favor of the plaintiff was issued in 1889, and the contract made by it, so far as it related to the right of a member to change the beneficiary, was controlled by section 18 of the act of 1883 (Laws 1883, c. 175). The incident of the right of substitution of a new beneficiary applied to that certificate, under section 18 of that act. By that section, a member was given the right, at any time, with the consent of the association, to make a change in the payee of the certificate, without the consent of such payee. Section 238 of the insurance law of 1892 is an amendment of section 18 of chapter 175 of the Laws of 1883. Such amendment consists of the insertion of the words "in the manner and form prescribed by its by-laws," in connection with the right to change the name of the payee on the consent of the association.

But the constitution of this society provides (section 3) that "a member in good standing may at any time surrender his benefit certificate * * * for a change of beneficiary, and have a new one payable to such legal beneficiary or beneficiaries as he may direct." When the beneficiary was changed in this case, the original certificate was not surrendered, but Moan made an affidavit that it was lost or destroyed, and thereupon the new certificate was issued, in favor of the defendant. The point is made by the appellant that the requirement of the constitution should have been literally complied with, and that no new payee or beneficiary could otherwise be substituted, so as to deprive her of her inchoate right or interest. It was held in McCormick v. Council, 6 App. Div. 175, 39 N. Y. Supp. 1010, that the beneficiary of a substituted certificate under section 18 of the act of 1883 (which applies here) may, if otherwise entitled, recover the amount of such certificate, notwithstanding a prior certificate issued to other beneficiaries had not been surrendered. The

provision respecting a surrender is for the benefit of the association, and may be waived. To exact absolute conformity with that requirement would in many cases (even under the act of 1892) cause injustice, and defeat that right of substitution which it was the purpose of the law to secure. Where a certificate is lost or destroyed, strict compliance is impossible. The certificate is not negotiable. If it had been assigned for value, or issued pursuant to some contract between the member and the payee, there could be no substitution of a beneficiary to defeat the right of the payee without his consent (Smith v. Society, 123 N. Y. 85, 25 N. E. 197); but neither of those features is in this case. If the certificate were procured by fraud upon the member, the right of the original appointee would not be impaired in a contest between rival claimants. Here there was no fraud on Moan, but it is suggested that there was some fraud of Moan upon his wife. None is proven. Moan had the right to make the change without his wife's consent, and the society had the power to waive the surrender. It acted upon evidence of the loss or destruction of the first-issued certificate. Moan made affidavit to that effect. Some months afterwards he knew the certificate was in the possession of his wife, for he sought to get it from her, but there is nothing to show he knew it when he made his affidavit; so that, if the question of a fraud upon his wife were at all involved (and it is not), there was an absolute failure to prove it.

The judgment must be affirmed, with costs. All concur.