(43 App. Div. 491.)

WILSON v. BRYCE.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

BENEFICIAL ASSOCIATIONS—CHANGE OF BENEFICIARIES—COMPLIANCE WITH AS-
SOCIATION RULES.
     A change in beneficiaries cannot be made without compliance with rules of association relating thereto, where there is nothing to prevent it, and it has not been waived by the association.

Appeal from special term, Kings county.

Action by Sarah Wilson against William A. Bryce. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James P. Judge, for appellant.
Herbert T. Ketcham, for respondent.

HATCH, J. This is a controversy between persons claiming the right to a fund, the product of an insurance certificate issued by the Supreme Council, Catholic Benevolent Legion, upon the application of Francis Joseph Bryce, who was a member of such organization. It appeared that Bryce became a member about March 10, 1891, and that he procured a certificate to be issued, naming as the beneficiary therein his mother, Catharine W. Bryce. Subsequently, and on December 22, 1892, Bryce caused to be surrendered such certificate to the legion, and procured a new certificate to be issued, in which his brother, the defendant, William A. Bryce, was named as beneficiary. Bryce continued a member of the legion in good standing until his death, on February 5, 1897. During his last illness, and in December, 1896, he was confined to the hospital, and unable to get out or about. While in this condition, and on the 26th day of January, 1897, he executed an instrument in which he directed a change in beneficiaries, by making William A. Bryce, his brother, a beneficiary to the amount of $2,000, and Sarah Wilson, his aunt, in the sum of $1,000; and he directed said legion to pay such sums to said parties, and be released from liability upon the making of such payments. This instrument recited that the former certificate was

in existence, but was not then in his possession; and he directed that such instrument be attached to the existing certificate when he or either of the beneficiaries named in the instrument should obtain possession or control of the same, and he formally revoked the former designation made in the certificate. This instrument was never attached to the certificate issued prior thereto, nor was it presented to the legion during the lifetime of Bryce. The law of the legion required that a member in good standing might at any time surrender his benefit certificate to the secretary of his council for change of beneficiaries, and have a new one issued, payable to such legal beneficiary or beneficiaries as he might direct, upon the payment of a fee of 50 cents. This rule further provided in these words:

"The right to receive the benefit will vest in the new beneficiary or new beneficiaries named in this application so soon as indorsed over his signature on the benefit certificate, duly attested by two witnesses, one of whom must be a member of the legion."

In the application for membership, Bryce contracted to be bound by the laws of the legion.

We have many times held that the application, certificate, and laws of the body constitute the contract between the parties. Bird v. Association, 30 App. Div. 346, 52 N. Y. Supp. 1044. We have also held that, under the statute (Laws 1892, c. 690, § 238), such associations as this must permit the certificate holders to make change of beneficiaries at any time upon compliance with the rules of the association, but that, as a prerequisite to such change, such rules must be complied with. Coyne v. Bowe, 23 App. Div. 261, 48 N. Y. Supp. 937. In the present case it is clear that no compliance was had with the rules of the legion authorizing a change of beneficiaries. The certificate which had been issued prior thereto, designating the defendant as beneficiary, was still in existence, and so known to be by the insured when he executed the paper by which he sought to make the change. He was familiar with the rules of the legion in respect to making change of beneficiaries, as he had complied with such rules in making the change from his mother to his brother. It does not appear that he was unable to procure the outstanding certificate, or to cause it to be surrendered. All that appears is that it was not in his possession, although he knew that it was in existence. The mere execution of the paper was not a compliance with the rules of the legion. It could have no more effect to work a change in beneficiaries than would his execution of a will. It is therefore clear that there was an utter failure of compliance with the laws of the association, and until that was had there could be no change in the beneficiaries. Undoubtedly, if this direction had been presented to the proper officers of the legion, they might have waived compliance with its rules, and issued a certificate to the new beneficiaries, because the provision was for its protection and benefit; and, if a new certificate had been issued under such circumstances, the case would fall within the decision in Moan v. Normile, 37 App. Div. 614, 56 N. Y. Supp. 339, and vest in the new beneficiaries, at the death of the insured, legal title to the fund. If it had appeared that the certificate was lost, or that the insured was unable to ob-

tain possession of it, or that its possession was forcibly or fraudulently withheld from him, and he had made his application to the legion for the issuance of a new certificate or a change of beneficiaries, then we would have a case similar to that of Grand Lodge v. Child, 70 Mich. 163, 38 N. W. 1; and, under such or similar conditions, equity might lay hold of the case, and direct judgment in accordance with the equities of the parties. None of the cases go so far, however, as to support the defendant's contention in this case; for here no application was made to the legion to give it an opportunity to act, and no step appears to have been taken, except the execution of the paper, which could not possibly have effect until something was done which called for action upon the part of the legion. It follows that the judgment below was correct, and should be affirmed.

Judgment affirmed, with costs. All concur.