HANNAH LAHEY, Appellant, v. MARGARET LAHEY, Respondent, Interpleaded by the SUPREME COUNCIL OF THE CATHOLIC MUTUAL BENEFIT ASSOCIATION, Defendant.

INSURANCE — MUTUAL BENEFIT ASSOCIATION — WHEN EQUITY WILL REGARD CHANGE OF BENEFICIARY AS HAVING BEEN EFFECTED, ALTHOUGH ATTEMPTED CHANGE WAS IMPERFECT. A member of a mutual benefit association which has issued a certificate entitling him to participate in its beneficiary fund, in which his wife was designated as the beneficiary, is not deprived of his right to subsequently procure a certificate to be issued to another beneficiary, by the fact that his wife, who had obtained possession of it, wrongfully withholds the certificate, when he complies with all the formalities prescribed by the constitution and by-laws for making the change, except that of surrendering the original certificate, from which he is prevented by her refusal to deliver it to him. The fact that the constitution and by-laws make no provision for such a case does not render the company powerless to issue the subsequent certificate, and, although the attempted change may be imperfect, equity will aid the subsequent beneficiary and regard that as done which ought to have been done.

*Lahey* v. *Lahey*, 66 App. Div. 623, affirmed.

(Argued March 3, 1903; decided March 17, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1901, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Daniel V. Murphy* and *William L. Rumsey* for appellant. The constitution and by-laws of the C. M. B. A., in connection with the application and certificate, constitute the insurance agreement by which the rights of the parties must be fixed. (*Sabin* v. *Phinney*, 134 N. Y. 423; *Kimball* v. *Lester*, 43 App. Div. 28; *Collins* v. *Collins*, 30 App. Div. 341; *Fink* v. *D., L. & W. M. A. Society*, 171 N. Y. 616; *Eagan* v. *Eagan*, 58 App. Div. 253.) The insured failed to

comply with the constitution, by-laws and regulations of the order governing a change of beneficiary, and there has been no waiver by the order of his non-compliance. (*Fink* v. *Fink*, 171 N. Y. 624; *Thomas* v. *Thomas*, 131 N. Y. 205; *Gladding* v. *Gladding*, 29 N. Y. S. R. 485.) A court of equity will not enforce an attempt to change a beneficiary which is subsequently abandoned by the insured, and when the evidence shows that the member's intention to change was not continuous to the time of his death. (*Coyne* v. *Bowe*, 23 App. Div. 261.)

*P. F. King* for respondent. In the absence of a by-law or rule prescribing a method for the exercise of the right to designate a beneficiary and to change the same without the consent of the payees or beneficiaries named, any method adopted by the member to accomplish that purpose is a legal and valid exercise of that right if it shows with reasonable certainty the intent and desire of the member. The right to make a change in the designation of beneficiary without the consent of the beneficiary is a legal right given to each member by law. (L. 1892, ch. 690, § 238; *Collins* v. *Collins*, 30 App. Div. 343.) In so far as the insured had the power to comply with the constitution, by-laws and regulations of the order governing a change of beneficiary, he did comply with them and a further compliance with said by-laws was prevented by the fraud of the plaintiff. (*Wilson* v. *Brice*, 43 App. Div. 494; *Supreme Council* v. *Jory*, 26 L. R. A. 733; *A. O. U. W.* v. *Noul*, 15 L. R. A. 350; 149 Mass. 512; 3 Am. & Eng. Ency. of Law [2d ed.], 998, 999; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1; *Bailey* v. *Bailey*, 45 Hun, 278; 90 Mich. 37.) The insured not only attempted to, but actually did, change the designation of a beneficiary, and he did not abandon his effort while the change was in process of being effected. (*Williams* v. *Williams*, 142 N. Y. 159; *Caine* v. *Larkin*, 131 N. Y. 302.)

MARTIN, J. The Catholic Mutual Benefit Association is a domestic co-operative insurance company. Prior to the

seventh of February, 1884, William Lahey became a member of a branch of the association located at Niagara Falls, which issued to him a beneficiary certificate entitling him to participate in its beneficiary fund to the amount of two thousand dollars. The plaintiff, his wife, was designated as payee or beneficiary therein. During his life he or his wife complied with all the laws and regulations of the association, and at the time of his death, which occurred December 1, 1899, he was a member in good standing.

In June, 1898, the plaintiff separated from her husband and refused to live with him. When she left him she took with her the certificate of insurance, and retained it until the month of November, 1899. A considerable time after their separation, her husband became ill and went to live with his mother. He promised her if she would take care of him he would reimburse her by changing the policy for her benefit. She took care of him until the twelfth of November, 1899. During that time he was afflicted with an illness which ultimately resulted in his death.

In September, 1899, the local lodge or association learning of his condition appointed a committee to look after him, sent a doctor, and left money to procure such articles as were necessary during his illness. On the thirtieth of October he made and executed the following instrument: "I, William Lahey, hereby certify that I am a member in good standing of Branch 2, C. M. B. A., located at Niagara Falls; was initiated therein on the 14th day of November, 1877, that the beneficiary certificate heretofore issued to me by said Association, which was payable to my wife, and no (now) revoke my former payment and want it payable; $1,000.00 payable to my wife, Hannah Leahey; $500.00 payable to my mother, Margaret Leahey; $500.00 payable to Ignatz Reiss, Treas. of Branch 2, C. M. B. A., for to pay doctor and funeral expenses, and the balance that is left to be turned over to my mother, Margaret Leahey. Dated Niagara Falls this 30th day of October, 1899. William Leahey. Witness, John J. Daw, Recording Secretary Branch No. 2. (Branch Seal.)"

By this instrument he sought to change the beneficiary in said certificate, making his wife a beneficiary to the extent of $1,000 ; his mother, $500 ; and Ignatius Reiss, treasurer of Branch No. 2, in the sum of $500 to pay his doctor's bills and funeral expenses, and any sum remaining to be turned over to his mother. This paper was attested by the recording secretary of that branch, its seal was affixed pursuant to the constitution and by-laws, it was delivered to Edward Ryan, the grand secretary, and by him delivered to, received by and filed in the office of Joseph Cameron, the supreme recorder, with a request that a new beneficiary certificate in compliance with such paper should be issued. The association failed and neglected to issue such certificate, delaying the same upon the ground that the original certificate should be surrendered with the application for the change.

William Lahey thereupon demanded the certificate of the plaintiff, who refused to surrender it, but withheld the same and prevented him from having or obtaining possession thereof, of which fact the secretary and supreme recorder had due notice, and, therefore, that he was unable to surrender it. The association thereupon notified him that it was powerless to issue a new certificate while the original was outstanding and not lost or destroyed ; that the by-laws and constitution of the association provided no method by which a beneficiary in a certificate could be changed where the original certificate was wrongfully withheld by the original beneficiary, and on that account he was unable to procure the possession thereof. The application of October thirtieth was made and delivered for the purpose and with the intention of changing the beneficiary in the original certificate ; the member did all he was able, under the circumstances, to effectuate that purpose, and such new designation remained and was in full force and effect at the death of said Lahey.

On the twelfth of November the plaintiff, against the protest of the defendant, induced her husband to go with her to her home in the city of Buffalo, where he remained until his death. On the twenty-seventh of November, 1899, he made

an affidavit prepared by the plaintiff's attorney, in which he denied that he made or intended to make any change of his beneficiary, and stated that his mind for some weeks was defective. He also stated to certain persons while staying with the plaintiff that he had not changed the beneficiary in said certificate and wanted his wife to have the benefit thereof. After his death, due proofs were furnished the association. The plaintiff claimed the whole of the fund by virtue of the original certificate issued to her husband, and the defendant Margaret Lahey made claim for her interest in said fund and for the interest of Ignatius Reiss under such second designation. The plaintiff then brought this action against the association to recover two thousand dollars on the certificate, and in March, 1900, the association obtained an order of interpleader, paid one thousand dollars to the plaintiff, and paid the remaining one thousand dollars into court to await the result of this action between the plaintiff and the defendant Margaret Lahey. The foregoing is a brief synopsis of the facts as found by the trial judge.

Upon these facts the court, as conclusions of law, held that William Lahey changed the beneficiaries in said insurance as provided in the instrument of October thirtieth, so that one thousand dollars thereof was payable to the plaintiff; five hundred dollars to Margaret Lahey, and five hundred dollars to Ignatius Reiss to pay expenses, and the balance to be turned over to his mother; that he did all the acts which were necessary under the law to effectuate such purpose, and that the defendant was entitled to a judgment providing that five hundred dollars should be paid to her, and five hundred dollars to Reiss to be disposed of in the manner stated. This judgment was unanimously affirmed by the Appellate Division.

The Insurance Law relating to fraternal beneficiary societies, orders or associations provides: "Membership in any such society, order or association shall give to the member the right at any time, upon the consent of such society, order or association, in the manner and form prescribed by its by-laws,

to make a change in its payee or payees, beneficiary or bene-
ficiaries, without requiring the consent of such payees or
beneficiaries." (L. 1892, ch. 690, § 238.) The by-laws of the
Catholic Mutual Benefit Association, in force from 1887 to
October, 1900, provide: "A member may at any time change,
alter or amend the designation of person or persons to whom
the beneficiary named in his certificate is payable, by surren-
dering said certificate, after having filled or caused to be filled,
the blank which shall be provided for that purpose on the
back of the same, providing for a new designation, and attach
his signature to it. The Secretary of his Branch shall attach
his signature to it as witness, and the Seal of his Branch, and
forward it to the Grand Secretary, if in his immediate juris-
diction. Upon the receipt of the same by the Supreme
Recorder, he shall issue a new certificate in accordance with
such change of designation." "A member whose certificate
has been lost or destroyed may have a new certificate issued
to him by filing an affidavit with the Supreme Recorder that
the beneficiary certificate heretofore issued to him has been
lost or destroyed, and that he applies for a duplicate of the
same; the price to be charged for such new certificate to be
fixed by the Supreme Trustees."

The proof disclosed that there was in the constitution or
by-laws of the association nothing relating to the issuing of a
certificate where it had been withheld, and that there were no
other provisions relating to the subject of changing designa-
tions on certificates lost or withheld. The officers of the asso-
ciation refused to make the change requested, upon the ground
that before such change could be made the certificate must be
surrendered, and they refused to issue a new certificate for
the reason that there was no provision, either by statute or
by-law, by which they were authorized to do so unless the
original certificate was lost or destroyed. The dues of the
assured were paid by the plaintiff for the last nine or ten
years of Lahey's life. Indeed, there is proof tending to show
that he, as well as his mother and other members of his
family, was surprised when they found that the insurance had

been kept alive by payments made by her. In determining the rights of the parties in this case, the statute, the constitution and by-laws of the association, with the policy or certificate, taken together, constitute the contract between them and the standard by which their rights and liabilities are to be determined. (*Matter of E. R. F. L. Assn.*, 131 N. Y. 354, 369 ; *People ex rel. Attorney-General* v. *L. & R. Assn.*, 150 N. Y. 94, 108.)

This court has recently held that a member of such an association, who has the absolute power to change the beneficiary designated in his certificate by complying with a by-law which is exclusive upon the subject, and provides that a new certificate shall be issued if a member asks for one, but upon condition that he pay the sum of twenty-five cents, can appoint another beneficiary only by a strict compliance with such by-law. In that case Judge VANN said : " The change of the beneficiary is an important matter, for it transfers the right to receive the death benefit, amounting in this case to $1,000, from one person to another. The right of the member to make the change is absolute, and the beneficiary can neither prevent it by objecting, nor promote it by consenting. Obviously such a transaction requires some formalities for the protection of the company, the member and the beneficiary. The formalities required by the association before us, through its by-laws, were very simple, but unless they were substantially complied with, the change could not be made. Mere intention to make a change is not enough, for the acts prescribed to carry the intention into effect are forms imposed upon the execution of a power, and they must be observed or the change cannot be effected." (*Fink* v. *Fink*, 171 N. Y. 616, 622.) In that case the certificate holder died before a request for a change reached the company, it having been sent by mail, and the court held that there was no change in the beneficiary.

In *Luhrs* v. *Luhrs* (123 N. Y. 367), where a similar question arose, the facts were essentially different from the case at bar, as in that case the certificate was surrendered,

with directions that a new certificate should be issued to the substituted beneficiary. It was mailed to the lodge, but the certificate holder died before the change was made or the certificate reached the home office. In that case it was held that the old certificate was to be regarded as canceled when surrendered to the lodge, and that the death of the member did not operate to prevent the consummation of the surrender or the issuing of a new certificate. In this case, however, there was never any surrender of the certificate, so that if it is to be determined strictly according to the provisions of the contract between the parties, there never was any legal change of beneficiary. Therefore, the plaintiff was entitled to recover the full amount of the certificate unless the respondent can sustain her rights upon some other or different ground. She, however, contends that the right to change the beneficiary in a certificate, like every other valuable right, may be sold or transferred, and when transferred for a valuable consideration the insured loses the right to transfer it to others. (Citing *Webster* v. *Welch*, 57 App. Div. 561 ; *Smith* v. *National B. Soc'y*, 123 N. Y. 87 ; *Conselyea* v. *Supreme Council*, 3 App. Div. 464 ; affirmed, without opinion, 157 N. Y. 719.) In those cases it was held that the statute which gives to a member the right to make a change in the beneficiary without the consent of the latter, applies only when the original designation is in the nature of an inchoate or an unexecuted gift, and does not prevent a contract between the member and his beneficiary by which a vested right passes to the latter, and in such case, without his consent, the beneficiary may not be changed.

The cases cited are clearly distinguishable from the case at bar in that in the former the beneficiary became such for a valuable consideration and the association issued a certificate to such beneficiary, while in this case, although the court has found that the mother paid a valuable consideration for a transfer of the certificate or a portion of its benefits, still no certificate was ever issued to her, nor was the certificate which was issued and made payable to the plaintiff ever canceled, so that she ceased to be a beneficiary under it. Besides, the

assured before his death made an affidavit to the effect that he was a member of the association ; that his wife was designated as the beneficiary in the original certificate ; that he had never to his knowledge made a request for any change of beneficiary, and never knowingly signed any application for such change ; that members of the association and some of his relatives tried to persuade him to change, but that he always declined to do so, and that it was his desire that the policy should stand and be payable to his wife. There was also proof that he repeatedly declared he had no desire to change the beneficiary, but was desirous that his wife should have the benefit under his certificate.

Although under the proof in the record the trial court might very well have found in favor of the plaintiff, yet it having found for the defendant and its decision having been unanimously affirmed by the Appellate Division, we are concluded as to the facts or the sufficiency of the evidence, and have no jurisdiction to review the question whether the decision of the court below was sustained by the weight of evidence, or whether there was any evidence whatever to sustain it. Thus the question arises whether, under the facts as found, the court was authorized to change the beneficiary or to award to the defendant a portion of the fund in the hands of the court. In other words, assuming as we must that the plaintiff withheld the certificate after the assured had requested its surrender, did that enable him to change his beneficiary without its surrender and to effect an actual change in a manner not provided for by the by-laws of the association ? If the question had arisen between the defendant and the association, it is quite possible that she could not have recovered. But that is not this case. Here the question of the liability of the association to the defendant is not involved. It has discharged its liability upon the certificate by payment into court, so that the question involved in this case arises between two alleged beneficiaries, and the point presented is whether the non-surrender of the certificate was a bar and prevented the defendant from recovering in equity, in view of the fact that

the plaintiff refused to surrender the certificate upon her husband's demand and thus prevented a change in the manner required by the by-laws of the association.

As this precise question may not have been settled by any previous decision of this court, in proceeding with the discussion it is deemed proper to here consider some of the authorities bearing upon this phase of the case. In *Supreme Conclave, Royal Adelphia* v. *Cappella* (41 Fed. Rep. 1) it was held that the general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association, is subject to three exceptions: 1. If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. 2. That if it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. 3. If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued. The doctrine of that case was followed in *McLaughlin* v. *McLaughlin* (37 Pac. Rep. 865), and the same exceptions are stated in 2 May on Insurance (§ 399-O).

In *Marsh* v. *American Legion of Honor* (149 Mass. 512), where a member of a beneficiary association took all the necessary steps, so far as he was able, to designate his mother as his beneficiary, instead of his wife, and the association was ready to make the change, but in consequence of his wife's acting in collusion with a subordinate officer of the association, the change of designation was not formally effected before his death, it was held that the mother was entitled to the fund.

In *Wilson* v. *Bryce* (43 App. Div. 491, 494) HATCH, J., in discussing this question, said : "If it had appeared that the cer-

tificate was lost, or that the insured was unable to obtain pos session of it, or that its possession was forcibly or fraudulently withheld from him, and he had made his application to the legion for the issuance of a new certificate or a change of beneficiaries, then we would have a case similar to that of *Grand Lodge* v. *Child* (70 Mich. 163), and under such or similar conditions equity might lay hold of the case and direct judgment in accordance with the equities of the parties."

In the *Child* case it was held that the law never requires impossibilities, and the rule of a benefit association which requires a certificate of insurance to be surrendered upon change of beneficiary, to the end that it might be indorsed upon such certificate, can only be construed as so requiring it when the certificate is in existence and can be thus surrendered.

In *Isgrigg* v. *Schooley* (125 Ind. 95) S. was the holder of a beneficiary certificate in a mutual benefit society. The by-laws of the order provided that when a member desired to change the beneficiary named in the certificate, he must, among other things, surrender the old certificate. The beneficiary origi- nally named had been the wife of the deceased. She abandoned him, however, and refused to live with him, and without his consent took the certificate away with her. Upon a demand for its return, she stated that it was lost. The deceased being desirous of changing the beneficiary, complied with all the requirements of the by-laws in respect thereto, save the sur- render of the old certificate, assigning its alleged loss for his failure to do so. It was charged that the officers of the subordinate lodge conspired with the wife to prevent the change, and refused to certify said application, and no new certificate was issued. In that case it was held that the acts of the decedent constituted an equitable change of bene- ficiary, and that the person in whose favor the decedent desired a new certificate to issue was entitled to the fund; that the beneficiary in such a certificate of insurance does not, during the life of the member, have an indefeasible right in the contract or fund, but has an interest which can only be

defeated by a change effected in the manner provided by the by-laws, but that there are exceptions to this general doctrine, and that equity will aid imperfect changes of beneficiaries, and consider that done which ought to have been done, as it never requires impossibilities. The same principle is stated in *Kepler* v. *Supreme Lodge, Knights of Honor* (45 Hun, 274, 278). (See, also, *Martin* v. *Stubbings*, 126 Ill. 387.)

In *Nally* v. *Nally* (74 Ga. 669) an unmarried man took out a policy of insurance on his life, one condition of which was that the policy was issued and accepted upon the express condition that the assured might, with the consent of the company, at any time assign it, or, before assignment, change the beneficiaries, or make any other change. The person named as the beneficiary was the sister of the assured, and to her he delivered the policy, and paid the premiums to that time. Subsequently he married, and, as an inducement thereto, he agreed that if the woman would marry him, she should be made the beneficiary of the policy. After the marriage, and when the next semi-annual premium fell due, the assured paid it, on condition that the beneficiary should be changed from his sister to his wife. The sister had the policy and would not give it up. The agent was uncertain whether the change could be made without the policy, but promised to notify the company and have the change made if possible. The officers agreed to attend to the matter but overlooked it. After the death of the assured, the company filed a bill to require the wife and sister to interplead and have the question determined as to who was entitled to the money. It was held that the gift to the sister was not perfected, so as to be absolute and irrevocable, and the assured had the right to change the beneficiary of the policy, and whether such change was to be effected by parol or in writing was a matter entirely between the assured and the company.

In *Wilcox* v. *Equitable Life Assur. Society* (173 N. Y. 50), where a policy of life insurance contained a clause that if, after the payment of the premiums for three years, the policy should become void in consequence of a default in the

payment of subsequent premiums, the company would issue, in lieu of such policy, a new paid-up. policy for a certain proportion of the original amount assured, " provided that the said policy shall be surrendered duly receipted within six months of the date of default in payment of premium on said policy," it was held that the insured, who defaulted in -the payment of premiums after seven annual premiums had been paid, and from whom the policy had been stolen, might maintain an equitable action for a decree directing the company to issue a new paid-up policy upon proof that the policy was stolen without his fault.

We are of the opinion that the principle of these cases should be followed ; that under the findings of fact which are conclusive upon us it should be held that the plaintiff wrongfully retained the certificate from the possession of her husband, and that by reason thereof a proper transfer was prevented ; that she should not be permitted to profit by her own wrong, but that although the attempted change of beneficiary was imperfect, equity should aid the defendant and consider that as done which ought to have been done.

It follows that the judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, CULLEN and WERNER, JJ., concur ; GRAY, J., absent ; O'BRIEN, J., not voting.

Judgment affirmed.