MARTHA HARRISON et al., Plaintiffs, *v.* JAMES H. CARR, Defendant.

(Supreme Court, Erie Special Term, February, 1919.)

Benefit societies — interpleader — void designation of beneficiary — statutes.

> Where the constitution of the supreme council of a benefit association, incorporated under a statute which contained no limitation upon the class of persons who might be beneficiaries, provided that no designation should be made "other than to husband * * * or dependents" and subsequently the legislature enacted that such associations might lawfully make provision for death benefits upon the members' lives to be paid to "families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon, the member," it is a defense in an action brought to recover upon a benefit certificate thereafter issued that the designated beneficiary was not within the class or classes of persons to whom a certificate could be made payable; such a designation being in contravention of both the constitution of the association and of the statute by which it was governed, is void.

> In an action in the nature of an interpleader to determine as between plaintiffs, the surviving sisters of the insured, and the one whose designation as beneficiary was void, who was entitled to the proceeds of the benefit certificate, it appeared that the insured left her surviving no husband. *Held,* that as under the constitution of the association, the plaintiffs, by reason of the death of their mother before the void designation was made, became automatically the beneficiaries under the benefit certificate, their rights as such were not defeated by the void designation of the defendant as beneficiary, particularly as the constitution of the association allowed a proceeding in court in the nature of an interpleader to determine the question, and that they were entitled to the proceeds of the certificate.

ACTION to recover upon a benefit certificate.

Elijah W. Holt, for plaintiffs.

Norbert C. Kropp, for defendant.

24

SEARS, J.   The plaintiffs and the defendant brought separate actions against the Ladies Catholic Benefit Association, to recover upon a benefit certificate issued by that association to Emma Monaghan, one of its members.   The association, by an order of this court made October 23, 1917, consolidated these actions, upon the association paying the amount of the certificate into court, and the action now presents, for adjudication, the conflicting claims of the plaintiffs and of the defendant to the proceeds of the certificate.

The benefit certificate was originally issued in November, 1895, and by it the association obligated itself to pay the sum of $1,000 upon the death of the insured to Elizabeth Monaghan, the insured's mother. In 1908, the beneficiary, Elizabeth Monaghan, died, and on November 23, 1908, after her death, the insured, Emma Monaghan, having applied for a change of beneficiary, received from the association a new certificate naming the defendant, James H. Carr, '' dependent,'' as beneficiary, and it is upon this certificate, so issued by the association, that the defendant, James H. Carr, bases his claim in this action.   It is conceded that James H. Carr was not, in fact, a dependent of the insured.

The plaintiffs, other than Edward F. Monaghan, are the surviving sisters of the insured, and base their claim upon the fact that, as James H. Carr was not, in fact, a dependent upon the insured, he was not within the class or classes of persons to which a certificate, under the by-laws of the association, could be made payable, as provided in section 19 of the constitution of the supreme council of the association, which contains the following language: '' The beneficiary certificates shall contain the full names, and what relationship to the beneficiary or beneficiaries, except when the designation stated below is used, * * * *but no*

*designation for beneficiaries shall be made other than
to husband, children, children by legal adoption, blood
relations or dependents.''*

If then the designation of the defendant was void,
the plaintiffs, who are the surviving sisters of the
insured, claim to be entitled to the benefit, under sec-
tion 29 of the constitution of the supreme council, the
pertinent part of which is as follows: '' If a member
fails to make a designation, or if the designation is
void, or if the person or persons named as the bene-
ficiary or beneficiaries are dead, and their deaths ante-
dated the date of the death of the deceased member,
then the whole of said beneficiary (so in original), if
it shall have been assigned to one only, and if assigned
to more than one, the portion assigned to the deceased
beneficiary, shall be paid in the following order:
First, to the surviving children; Second, to the hus-
band; Third, to the mother; Fourth, to the sisters;
Fifth, to the father; Sixth, to the brothers.''

In this case, there being no surviving husband or
mother, the sisters claim to be entitled.

All the plaintiffs, acting together, also contend that
one-half of the benefit, to wit, $500, is payable to the
plaintiff Edward F. Monaghan by virtue of a con-
tract which is claimed by the plaintiffs to have been
made between Edward F. Monaghan and the insured
Emma Monaghan, after the death of their mother,
in which contract, so far as material here, the plain-
tiff Edward and the insured Emma agreed, recipro-
cally, to carry insurance to the amount of $500 in the
other's favor, which alleged contract the plaintiff
Edward F. Monaghan until the death of Emma faith-
fully carried out.

At the time that the association was incorporated
in 1890, the statute of Pennsylvania, under which it
was incorporated, contained no limitation upon the

classes of persons who might be made beneficiaries, but the constitution of the association, as originally issued, contained the language quoted above from section 19. Since 1855, all charters of Pennsylvania corporations have by statute been subject to repeal or alteration by the legislature. In 1893, the Pennsylvania legislature enacted a statute (Act of April 6, 1893), designated as the Fraternal Benefit Association Law, which by its language (§ 1) was made applicable to all existing associations, whereby it was also provided that such associations might lawfully make provision for death benefits upon their members' lives, to be paid to " families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon, the member."

There is no evidence in the case that any officer or agent of the association knew that the defendant Carr was not a dependent of the deceased. In fact, the record is entirely barren of any evidence on that subject. It contains the bald fact that, upon the application of the deceased, the policy was reissued, after her mother's death, with " James H. Carr, dependent," named as beneficiary. The defendant relies principally upon *Coulson* v. *Flynn,* 181 N. Y. 62, where a benefit certificate was issued by a fraternal association to one who was neither a relative nor a dependent of the insured, notwithstanding a by-law of the association restricting the permissible designation of beneficiaries to relatives and dependents only.

That case differs from the case at bar in several respects. There, the by-law of the association contained the restriction, while the statute under which the association was incorporated did not; here, both the by-law and the statute applicable to the association contain the restriction. There, the association was fully advised of the absence of the relationship or

dependency; in fact, there the association wrote into the certificate, itself, that the beneficiary named in the certificate was the person upon whom the insured was dependent, instead of *vice versa;* while here the record shows no such knowledge on the part of the association. There, there seems to have been no provision reserving to the courts the right to determine conflicting claims under such a certificate, while in the case of the Ladies Catholic Benefit Association the constitution contains the following provision:

" Section 32. In case there shall be any ambiguity in the designation of beneficiary made by a member, or in case there shall be conflicting claimants to such beneficiary, * * * the Supreme Court shall have ninety days after the expiration of the time such fund is due or payable under other circumstances * * * to pay such fund into any municipal, county, district or state court having jurisdiction of the subject matter in the city, county or state in which the branch is located, of which such deceased was a member at the time of her death, in proceedings taken in the nature of an interpleader, and it is agreed as a condition of the right to participate in said beneficiary fund, between the association and all persons who may be interested or claim any interest in such fund, that such court shall arbitrate and decide all questions of dispute or conflicting rights to such fund * * *."

The association could successfully have defended the action brought by the defendant Carr, as his designation was contrary to the constitution, and contrary to the statute of Pennsylvania which governed the association (*McClement* v. *Order of Foresters,* 222 N. Y. 470), and no act of the association proved before this court is sufficient to serve as even a shadowy basis for a claim of estoppel.

Nor is the defense against the claim of Carr closed ·

to the plaintiffs. By virtue of section 29 of the constitution, upon the death of the mother of the insured the relatives in order named became the beneficiaries, and this automatic designation was not defeated by the void designation of the defendant as beneficiary, particularly in view of the provision of the constitution allowing an interpleader to determine this very question. *Mendelson* v. *Gausman,* 157 App. Div. 370; *Kult* v. *Nelson,* 24 Misc. Rep. 20; *Dusenbury* v. *Grant Council,* 96 id. 665; *Fodell* v. *Miller,* 193 Penn. St. 570.

As the plaintiffs, other than Edward F. Monaghan, are entitled to the proceeds of the certificate in preference to the defendant, and as they concede that their interest is subject to the interest of the plaintiff Edward F. Monaghan, it is unnecessary to consider the question as to whether the contract set forth in the complaint was, in fact, made, or the interesting question whether, if it was made, Edward F. Monaghan could maintain an action against the association to recover upon the certificate in which he had never been named as a beneficiary, or must be remitted to an action upon the contract against the personal representatives of the deceased. No one is in position here to dispute the contention of Edward F. Monaghan as to the facts or the law involved in his contention.

Judgment will, therefore, be ordered in favor of the plaintiffs.

Judgment accordingly.