ANNA CAMPBELL, Respondent, *v.* ROBERT R. STICKNEY, Appellant.

Third Department, December 28, 1943.

*Harry F. Whiton,* attorney for appellant.

*Joseph J. Mailloux,* attorney (*Benjamin I. Rosen* of counsel), for respondent.

Hill, P. J. Defendant appeals from an order of the Albany Special Term striking out his answer and directing summary judgment in favor of the plaintiff, and from the judgment entered. The subject matter of the controversy is the sum of $1,000, the proceeds of a certificate of membership and policy of life insurance issued to Jennie E. Gearren, now deceased, by the Ladies' Catholic Benevolent Association. The action was first commenced by the plaintiff-respondent against the Benevolent Association which thereupon applied for an order of interpleader, and paid the money into court. The order directed that defendant-appellant be substituted as defendant. The policy, by its terms, was payable to " Anna Campbell dependent ". It is alleged, and not controverted, that defendant is the only heir at law and next of kin of the insured. The policy recites that the insured agrees " that this Certificate, the Charter and Articles of Incorporation, the Constitution and By-Laws and the application and Medical Examination signed by her with all legal amendments thereof, shall constitute the agreement between herself and " the Association. The insured also agreed that changes in the charter, articles of incorporation, constitution and by-laws legally enacted after the issuance of the policy " shall be binding upon her and her beneficiary or beneficiaries   *   *   *  ".

The constitution and by-laws contain a provision: " If a member fails to make a designation or if the designation is void, *   *   *   the portion assigned to the deceased beneficiary shall be paid in the following order:   *   *   *   Seventh—to the next of kin according to the laws of descent and partition of the State or Territory in which the branch is located to which such member belonged at the time of her death," and in an earlier paragraph, " no designation of beneficiary shall be made other than husband, children, children by legal adoption, blood relations or dependents." The answer pleads that the plaintiff was not a dependent of the insured.

The Special Term decided that were it established that plaintiff was not a dependent, such defense would not be available to the defendant next of kin, but could be raised only by the Association, and that it had waived the claimed *ultra vires* act of naming an improper beneficiary by paying the money into

court, citing *Coulson* v. *Flynn* (181 N. Y. 62) and *Lahey* v. *Lahey* (174 N. Y. 146). The *Coulson* case determined that the defense of *ultra vires* may only be raised by the insurer, " and, further, that if the allegations of the complaint had been set up by the association in the action brought by Flynn they would constitute no defense, as the beneficiary named in the certificate was authorized by the act of incorporation, and the association is shown to have repeatedly waived any right it might have had to insist that the Beneficiary Fund Law, so-called, did not contemplate the beneficiary named," and plaintiffs, next of kin of the insured, " come into court having no certificate at all and without a contract basis for any claim whatever." The *Lahey* case hardly touches the issue here presented. There it was determined that a change of beneficiary was effected although the former sole beneficiary wrong-fully refused to permit the insured to present the original policy at the time the change was asked, as required by the by-laws, as equity would aid the subsequent beneficiary and regard as done that which ought to have been done.

The *Coulson* case is distinguishable. There the next of kin were " without a contract basis for any claim whatever "; here by the terms of the policy, the constitution and by-laws are a part of the contract, and binding upon the insured and the beneficiary. From the above quotations from the constitution and by-laws it appears that only a relative or dependent may be made a beneficiary, and further, that if the designation made by the policy is void, the proceeds are to be paid to named close relatives, and if there are none, then to next of kin. Defendant alleges that the plaintiff was not a dependent, and it is not controverted that he is the only next of kin. *Harrison* v. *Carr* (106 Misc. 369) involved a policy issued by the same association and with facts identical. The *Coulson* case was there distinguished as above, and the next of kin given a judgment, it being determined that the named beneficiary was not a " dependent."

The order and judgment should be reversed.

HEFFERNAN and SCHENCK, JJ. (dissenting). We dissent and vote to affirm the order. The defense of *ultra vires* is available to the insurer and not to a third party. (*Coulson* v. *Flynn,* 181 N. Y. 62.)

CRAPSER and BLISS, JJ., concur with HILL, P. J.; HEFFERNAN and SCHENCK, JJ., dissent in memorandum.

Judgment and order reversed on the law, with twenty-five dollars costs and disbursements. [See *post,* p. 926.]