law are exclusive, and the defendants can only review the judgment appealed from by appealing from the final order, as provided by section 3375 of the Code.

Without considering the other question presented, my conclusion, therefore, is that the appeal herein should be dismissed, with $10 costs. All concur.

(59 App. Div. 143.)

### MAGUIRE et al. v. SUPREME COUNCIL, CATHOLIC BENEVOLENT LEGION, et al.

(Supreme Court, Appellate Division, Second Department.   March 8, 1901.)

1. INSURANCE—BENEFICIAL ASSOCIATIONS—DESIGNATION OF BENEFICIARY—ULTRA VIRES—PLEA AVAILABLE TO SOCIETY ONLY.

The certificate of incorporation of a beneficial society stated that the benefit fund should be paid "to the family or dependents of such member as he shall have directed"; and a by-law of the society provided that a member in good standing could surrender his certificate, and have a new one issued, payable to such legal beneficiary as he might direct. A member who had allowed his membership to lapse for failure to pay dues named his niece as beneficiary, on reinstatement, in consideration of his sister (his niece's mother) paying his dues. *Held*, in an action by his widow and children against the beneficiary to recover the insurance, that the contention that the designation of the beneficiary, being neither of the deceased's family nor dependent on him, was ultra vires of the society, was not available to the plaintiffs, but to the society alone.

2. SAME.

In an action by the widow and children of a deceased member of a beneficial society against the beneficiary named in the certificate, the contention that the designation of the beneficiary, who was not a member of deceased's family or dependent on him, was ultra vires of the society, was not available to the plaintiffs, where they did not have possession of a benefit certificate as a basis for their claim.

Appeal from special term, Kings county.

Action by Mary Maguire and others against the Supreme Council, Catholic Benevolent Legion, and another, to recover on a benefit insurance certificate. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry P. Burr, for appellants.
Thomas F. Magner, for respondents.

JENKS, J.   This is an appeal by the plaintiffs from a judgment of the special term in favor of the defendant Kate Maguire. The plaintiffs are, respectively, the widow and the children of Thomas Maguire, deceased, and the defendant Kate Maguire is his niece. In 1888 Thomas Maguire became a member of the defendant the Supreme Council, Catholic Benevolent Legion, and received its benefit certificate, entitling the beneficiary named therein to receive $1,000 at the death of Maguire, provided that at that time he was in good standing. The beneficiary first named was his daughter, the plaintiff Sarah Maguire. In 1892, as authorized by the laws of the council, Maguire surrendered the certificate, and received a new certificate, as of

original date (1888), wherein the beneficiary named was Thomas Maguire's son. In 1899 Maguire surrendered the second certificate, and received a new certificate as of original date (1888), which second certificate bears date of reissue of July 19, 1899, and names as the beneficiary Kate Maguire, niece. Some time before May, 1899, Maguire fell into arrears for dues. He was notified by the council, and asked to pay them, to prevent a lapse of the certificate, but refused to pay; stating that he preferred the lapse to a continuance by payment of dues. The council then notified the son Thomas, then named as beneficiary, and asked him to pay the dues, to prevent a lapse; but he also refused to pay previous or coming dues. Thomas Maguire was suspended, and during suspension was cut off from all benefits, as were his beneficiaries. Previous to his reinstatement, he went to his sister, the mother of the beneficiary last named, and asked her to take up the certificate. She at first refused, but finally said she would take it for her daughter Kate. Maguire replied: "That will just do. I stood for her." She was his godchild. His sister then advanced him money to pay his debts and to pay the examining physician, and thereafter kept the insured in good standing until his death. Before he could be reinstated he was examined by a physician, balloted for, and admitted by vote. In 1881 the defendant was incorporated for benevolent purposes under the laws of New York. The certificate of incorporation states that the benefit fund shall be paid "to the family or dependents of such member as he shall have directed." This action is brought by the widow and the children of the deceased against the society and Kate Maguire, the beneficiary, on the theory that the insurance was payable to his family and his dependents, these plaintiffs. The council obtained an order permitting it to deposit in court to the credit of this action the amount of the benefit, and was thereupon dismissed from the action, which was thereafter litigated between the other parties named. The learned special term gave judgment for the defendant. The by-laws provide that a member in good standing may at any time surrender his benefit certificate to the secretary of the council, for a change of beneficiary, and have a new certificate issued, payable to such legal beneficiary or beneficiaries as he may direct. The contention of the plaintiffs is that the designation of the beneficiary was ultra vires the council, in that she was neither of the family of the deceased, nor dependent on him. Such a contention would be available to the council alone. In any event, it cannot be maintained by the plaintiffs, who have no certificate, and who came into court without any basis for any claim whatever. Luhrs v. Supreme Lodge (Sup.) 7 N. Y. Supp. 487. The council takes no position adverse to the co-defendants, but, on the contrary, pays the money into court.

The judgment must be affirmed with costs. All concur, except SEWELL, J., taking no part.