MARKEY v. SUPREME COUNCIL, CATHOLIC BENEV. LEGION.

(Supreme Court, Appellate Division, First Department.   March 7, 1902.)

BENEFIT SOCIETIES—BENEFICIARIES—DESIGNATION—ULTRA VIRES.

> Though the.act of a beneficial society in making a certificate issued on the life of plaintiff's decedent payable to his brother may have been without authority under its constitution, the society alone, and not the administratrix of the insured, could take advantage of such fact, inasmuch as she had no certificate at all, and came into court without the basis of any claim whatever.

Appeal from special term, New York county.

Action by Fannie Markey, administratrix, against the Supreme Council, Catholic Benevolent Legion, to recover for insurance on the life of plaintiff's decedent. From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Charles Haldane, for appellant.
Edwin C. Low, for respondent.

PER CURIAM.   If it be true, as urged by the appellant, that the defendant had no authority, under its constitution, to make the certificate issued upon the life of Joseph P. Markey payable to the brother, Edward J. Markey, it does not follow that the plaintiff can, by reason of that fact, recover the amount stated in the certificate. If the defendant's act in issuing the certificate was ultra vires, the plaintiff cannot take advantage of it, inasmuch as she has no certificate at all, and comes into court without the basis of any claim whatever. Luhrs v. Supreme Lodge (Sup.) 7 N. Y. Supp. 487.   But the precise question here presented was determined adversely to the plaintiff's contention in Maguire v. Maguire, 59 App. Div. 143, 69 N. Y. Supp. 61, and therefore upon that authority this judgment must be affirmed.

Judgment affirmed, with costs.