## In re MILMINE.

### (Surrogate's Court, Schenectady County.  March, 1912.)

INSURANCE (§ 795*)—MUTUAL BENEFIT INSURANCE—BENEFICIARY ENTITLED.

    A person holding a membership certificate in a mutual benefit association was advised by the company, upon communication of his desire to have a friend named as beneficiary, that he would have to have the certificate made payable to his "executors or administrators," and provide for the payment of the proceeds to the friend by will. This suggestion was adopted, and the will of insured specifically bequeathed the proceeds of the policy to the friend. *Held*, upon the death of the insured and the payment into court of the amount of the policy, the person designated in accordance with such advice was entitled to the proceeds as against the next of kin.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1973; Dec. Dig. § 795.*]

Final accounting by Elmer L. Milmine and another, as executors of James W. Sanders. Disposition of proceeds of an insurance policy directed.

Homer Strong, for executors.

Frost, Daring & Warner, for Janet M. Kennedy, legatee.

Austin A. Yates, for petitioners McMillan and others.

George W. Featherstonhaugh, for petitioner Shuler.

VEDDER, S.  The deceased, James W. Sanders, had been a member of the Jeweler's League of New York for some years prior to April, 1907. On the 15th day of April, 1907, Sanders surrendered his membership certificate held by him with a letter to the league, in which he stated:

    "My two sisters having died within a short time, I would like the certificate dated April 3rd, 1907 cancelled and my beneficiary, a friend of the family, Miss Janet M. Kennedy of 17 Elm Street, Albany, N. Y., substituted."

By letter of April 17, 1907, the secretary of said league acknowledged Sanders' letter of April 15th, informing him that:

    "A person to be named as a beneficiary must be a blood relative, or person having an insurable interest in your life, such as a creditor. I would therefore suggest that you request that your certificate of membership be made payable to 'your executors or administrators,' in which case they could pay the benefit monies to any person you desire to designate in your will. I return you herewith your certificate of membership, and if the above designation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meets with your approval, kindly complete the blank form on the back of said certificate, as follows:—"To my Executors or Administrators."

"Yours very truly,          .          F. A. Marsellus, Secretary."

On April 26, 1907, the secretary of said league acknowledged receipt of the certificate and the request for change of beneficiary duly executed by Sanders, and stated that the same would be acted upon at the next meeting of the executive committee to be held May 8, 1907.

On May 8, 1907, a new certificate was issued made payable to the executors or administrators of James W. Sanders by the executive committee, and sent to Sanders, with a letter stating that the certifi-. cate contained the new beneficiary designated in accordance with his request. After the delivery of the certificate on May 8, 1907, to Sanders, he paid all dues and assessments in said league. The league accepted a fee making the change of beneficiary and accepted payments of dues and assessments, and there is no proof in the case that the league in any manner whatsoever ever called the attention of Sanders to the existence of. any questions about the legality of the plan of having the money eventually paid to Miss Kennedy; that said certificate was in full force and effect at the time of the death of James W. Sanders on October 12, 1910; that on or about August 30, 1910, the said James W. Sanders executed his last will and testament, which was duly admitted to probate by the Surrogate's Court of Schenectady county on the 28th day of October, 1910; that in and by said last will and testament the said James W. Sanders bequeathed the proceeds of such membership certificate, as follows:

"I give and bequeath the proceeds to be collected by my executors from my life insurance policy in the Jeweler's League of .New York, whose offices are now at No. 1 John Street to Miss Janet M. Kennedy of Albany, N. Y."

After the death and probate of the will of said Sanders, said league commenced an action of interpleader in the Supreme Court against the executors of said deceased, Janet M. Kennedy, and all the next of kin of said deceased, which action resulted in a stipulation and order dated the 5th day of August, 1911, made by the Supreme Court held in and for the county of New York, which stipulation and order provided that the plaintiff, the Assurance League of America, indorse and turn over to the defendants Edwin C. Angle and Elmer L. Milmine as such executors a certificate of deposit amounting to $4,946.48, with all accumulations of interest upon receipt of a certified copy of the order; said sum to be held by such executors until the final judicial settlement of their accounts as such· executors before the Surrogate's Court of Schenectady county to be distributed by them according to the final order and decree of said court upon the final judicial settlement of their accounts as executors, the rights and interests of the several parties to this action above mentioned to be determined by said Surrogate's Court upon such final accounting upon notice to all the defendants in this action.

I am of the opinion that the petitioners' contention cannot be sustained for the reason that they were not named, mentioned, or contemplated in the certificate of insurance herein. Coulson v. Flynn,

181 N. Y. 62, 73 N. E. 507; Story v. Williamsburgh Masonic Mutual Benefit Association, 95 N. Y. 474.

The constitution and by-laws of May 1, 1906, and of June 1, 1908, were received in evidence, and were considered by me in the disposition of this matter; I having concluded the constitution and by-laws of May, 1908, were superseded by the constitution and by-laws of June, 1908, as introduced by the petitioners herein which were in full force and unrevoked at the time of the death of the decedent herein.

Let a decree be entered dismissing the petitioners' claim, and directing the payment of the proceeds of such certificate to Janet M. Kennedy.