SUPREME COUNCIL OF ROYAL ARCANUM v. CHURLO et al.

(District Court, E. D. New York. February 28, 1920.)

1. INSURANCE ⬦⟜777—BENEFIT SOCIETY ALONE MAY RAISE OBJECTION TO DES-
IGNATED BENEFICIARY BASED ON BY-LAWS.

A benefit society alone can raise the objection that the beneficiary des-
ignated in a certificate does not come within the class who may be desig-
nated under its by-laws.

2. INSURANCE ⬦⟜777—BENEFIT SOCIETY WAIVES OBJECTION TO BENEFICIARY BY
INTERPLEADING CLAIMANTS.

A benefit society, by depositing the fund in court under a bill of inter-
pleader, waived its right to question the claim of insured's divorced wife
under a certificate designating her as beneficiary, on the ground that by
its by-laws such designation ceased when the divorce was obtained, where-
by the laws of the state of its organization, and of the state in which the
member lived, such designation was proper.

3. INSURANCE ⬦⟜770—DIVORCED WIFE ENTITLED TO BENEFIT UNDER CERTIFI-
CATE DESIGNATING HER AS BENEFICIARY.

Where a benefit fraternity organized in Massachusetts issued a certifi-
cate to a resident of New York, designating his wife as beneficiary, and
she obtained a divorce, but still received sums from him for maintenance,
neither the statutes of Massachusetts nor those of New York defeated her
right to the benefit in favor of his next of kin.

Interpleader. Suit by the Supreme Council of the Royal Arcanum
against Lenora Hallett Churlo and others. Judgment for the defendant
named.

Howard C. Wiggins, of Rome, N. Y., for complainant.
Hamilton McInnes, of New York City, for defendant Churlo.
Hatch & Clute, of New York City, for defendants Hallett.

GARVIN, District Judge. This case is submitted upon an agreed
statement of facts. Complainant is a mutual benefit fraternity, incor-
porated under the laws of Massachusetts, having been engaged in and
authorized to carry on the business of such a society in the state of
New York for many years.

In April, 1901, Reuben Crowell Hallett became a member of a sub-
ordinate council of complainant, located in the city of New York; there
was issued to him a benefit certificate for $3,000, in which his wife,
Lenora Hallett, who is the defendant Lenora Hallett Churlo, was des-
ignated as beneficiary, which certificate he at once delivered to her,
and which is in her possession. In June, 1915, she obtained a final
decree of absolute divorce against him in the state of New York.

Up to the granting of the decree she paid the dues and assessments
upon her husband's membership in the complainant, amounting to the
sum of $729.78, out of her separate estate; thereafter, and up to the
time of his death, such payments were made by him. Hallett died Sep-
tember 9, 1916, a member in good standing of the said subordinate
council of complainant. No change or revocation of the beneficiary
was made, nor was there any desire for either. There were no chil-

⬦⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dren. The defendants William P. Hallett and Russell B. Hallett are the next of kin of the deceased.

When the benefit certificate was issued, the statutes of Massachusetts, by chapter 442 of the Acts of 1899, sections 5 and 11, provided as follows:

"Sec. 5. The corporation may prescribe by its by-laws the manner in which and the officers and agents by whom the purposes of its incorporation may be carried out, and, instead of the directors and other officers named in section 4, it may have trustees or managers and presiding, financial, and recording officers, with similar powers and duties."

"Sec. 11. Any corporation duly organized and transacting business under this act, which conducts its business as a fraternal society on the lodge system, or which limits its certificate holders to a particular order, class, or fraternity, or to the employees of towns, cities, the commonwealth, or the federal government, or of a designated firm, business house or corporation, may make provision for the payment of benefits in case of death, or for both death benefits and sick or disability benefits. The funds from which the payment of such benefits shall be made shall be derived only from assessments collected from the members, except as provided in this section and in section 14 of this act. The fund from which the expenses shall be defrayed may be derived from a per capita tax, dues or expense assessments. Such provisions, funds, assessments and payments shall be as required and provided for in the by-laws of the corporation. Such death benefit shall be payable only to the husband, wife, affianced husband, affianced wife, child by legal adoption, parent by legal adoption, relatives of, or persons dependent upon the member named in the benefit certificate: Provided, however, that in any instance where a benefit certificate has been issued in accordance with the above provisions and the beneficiary therein named and the husband, wife, affianced husband, affianced wife, child, child by legal adoption, parent, parent by legal adoption, or persons dependent upon the member named in the benefit certificate have all died, the member with the consent of the officers of the corporation, and under such rules as they may prescribe, may have the certificate transferred to any other person: And provided, further, that the benefit certificate shall, in effect, provide that if the death of the member therein named shall occur when one full assessment on each member would not amount to the face sum of the maximum certificate of such corporation, then the amount paid the beneficiary thereunder shall not exceed the amount of such full assessment or the proportionate part thereof which said face sum named in such certificate bears to such maximum certificate, but this restriction shall not apply to a corporation which confines its membership to the permanent employees of towns, cities, the commonwealth, or the federal government, nor to a corporation having an emergency or reserve fund until such fund shall have been exhausted."

At the same time, and continuing to Hallett's death, except the parts inclosed in parenthesis, which were amendments duly made during Hallett's membership, sections 330 and 324 of complainant's by-laws provided, among other things, as follows:

"Sec. 330. If at the time of the death of a member, who has designated as beneficiary a person of class second, the dependency required by the laws of the order shall have ceased, or shall be found not to have existed or if the designated beneficiary is his wife and they shall be divorced upon the application of either party, or if any designation shall fail for illegality (death of beneficiary) or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, Sec. No. 324, if living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking in equal shares per capita, to the exclusion of all persons living of subsequently enumerated grades, except that in the distribution

among persons of grade 2nd the children of deceased children shall take by representation the share the parent would have received if living, (and except that in the distribution among persons of grade 13th only those who are next in kinship to the deceased member shall take.) If no one of said class first shall be living at the death of the member, the benefit shall revert to the widows' and orphans' benefit fund."

"Sec. 324. A benefit may be made payable to any one or more persons of any of the following classes only:

"*Class First.*

"Grade 1st. Member's wife.

"Grade 2d. Member's children, and children of deceased children, and member's children by legal adoption. .

"Grade 3d. Member's grandchildren.

"Grade 4th. Member's parents, and member's parents by legal adoption.

"Grade 5th. Member's brothers and sisters of the whole blood.

"Grade 6th. Member's brothers and sisters of the half blood.

"Grade 7th. Member's grandparents.

"Grade 8th. Member's nieces and nephews.

"Grade 9th. Member's cousins in the first degree.

"Grade 10th. Member's aunts.

"Grade 11th. Member's uncles.

"Grade 12th. Member's next of kin who would be distributees of the personal estate of such member upon his death intestate.

"In either of which cases no proof of dependency of the beneficiary designated shall be required; but in cases of adoption, proof of the legal adoption of the child or the parent designated as the beneficiary, satisfactory to the Supreme Secretary, must be furnished before the benefit certificate can be issued.

"*Class Second.*

"(1) To an affianced wife, or to any person who is dependent upon the member for maintenance (food, clothing, lodging, or education); in either of which cases written evidence of the affianced relation or dependency, within the requirement of the laws of the order, must be furnished to the satisfaction of the Supreme Secretary before the benefit certificate can be issued.

"(2) No benefit certificate shall be issued if the written evidence furnished is not to the satisfaction of the Supreme Secretary.

"(3) If such satisfactory evidence, either of the affianced relation, dependency, or of legal adoption is not furnished, as hereinbefore provided, prior to the decease of the member, no benefit shall be paid unless such evidence is furnished to the satisfaction of the Supreme Secretary and Examiner of Claims.

"(4) A certificate may be made payable to a bank or other corporation in trust for the beneficiaries; or to a person who may receive the proceeds for the benefit of the beneficiary or beneficiaries within the classes designated by the laws of the order. The name and relationship of the beneficiary must be specified in all such cases."

The provisions of said class first of section 324 had not been amended or repealed, at the time of Hallett's death, except that the specification of grades therein following grade 7 were amended before his death to read as follows:

"Grade 8th. Member's nieces and nephews (children of brothers and sisters of the whole blood).

"Grade 9th. Member's nieces and nephews (children of brothers and sisters of the half-blood).

"Grade 10th. Member's cousins in the first degree.

"Grade 11th. Member's aunts, blood relatives.

"Grade 12th. Member's uncles, blood relatives.

"Grade 13th. . Member's relatives other than those named in the precedent
            grades, who might be distributees of the personal estate
            of such member upon his death intestate.
"Grade 14th.    Member's father-in-law.
"Grade 15th.    Member's mother-in-law.
"Grade 16th.    Member's son-in-law.
"Grade 17th.    Member's daughter-in-law.
"Grade 18th.    Member's stepfather.
"Grade 19th.    Member's stepmother.
"Grade 20th. .  Member's stepchildren."

When Hallett died the provisions of class second of section 324 of
the by-laws had been amended to read as follows:

"*Class Second.*

"(1) To any person who is dependent upon the member for maintenance
(food, clothing, lodging or education); in which case written evidence
of the dependency, within the requirement of the laws of the order,
must be furnished to the satisfaction of the Supreme Secretary be-
fore the benefit certificate can be issued.

"(2) Neither the decision of the Supreme Secretary, nor the issuance of a
benefit certificate, shall be conclusive as to the fact of dependency.

"(3) A certificate may be made payable to a bank or other corporation in
trust for the beneficiaries; or to a person, who may receive the pro-
ceeds for the benefit of the beneficiary or beneficiaries within the
classes designated by the law of the order. The name and relation
of the beneficiary and duration of the trust must be specified in all
such cases. In the event of the death of a designated trustee or if
the whereabouts of said trustee is unknown, and such person does
not notify in writing the Supreme Secretary, of his address and resi-
dence within six consecutive months next after the death of the mem-
ber, or such trustee declines the trust, even if the member desig-
nated two or more persons as trustees and no direction otherwise is
made by the member, in accordance with the laws of the order, the
trust shall thereupon terminate and the benefit shall be paid to the
beneficiaries for whom the member directed the benefit to be held in
trust.

"(4) A member applying for and receiving a certificate for an additional
benefit may have the same made payable to any one or more persons
specified in this section."

From the time the insured became a member of complainant, and
continuously until his death, sections 325, 326, and 327 of said by-laws
provided as follows:

"Sec. 325. No entry shall be made in any application or benefit certificate
or otherwise, permitting the designation by, or ascertainment by reference to,
any will of the person or persons, trustee or beneficiaries to whom any benefit
shall be payable or the amount or share of any beneficiary. No will shall be
permitted to control the appointment or distribution of, or rights of any per-
son to, any benefits payable by this order.

"Sec. 326. A benefit certificate shall not be made payable to a creditor, nor
to a person not a wife or relative, upon whom the member is dependent for
maintenance, nor be held or assigned, in whole or in part, to secure or pay any
debt which may be owing by the member or any other person.

"Sec. 327. Any assignment of a benefit certificate by a member or a bene-
ficiary shall be void."

When he became a member of complainant, chapter IV of said by-
laws, constituting sections 333, 334, 335, 336, 337, and 338, provided
as follows:

"Sec. 333. A member may, at any time, when in good standing, pay a fee of fifty cents, make a written surrender of his benefit certificate, and direct that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate, in accordance with the laws of the order.

"Sec. 334. The written surrender and direction for change of beneficiary must be forwarded, under seal of the council, with the benefit certificate and fee of fifty cents, to the Supreme Secretary, who shall issue a new certificate in accordance with the direction of the member, if the direction is in accordance with the laws of the order, and if all other conditions have been complied with.

"Sec. 335. Parol evidence of a member's intention or desire to change his beneficiary must be disregarded.

"Sec. 336. In case a benefit certificate is lost or beyond a member's control, the member may, in writing, surrender all claim thereto, and direct that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries, in accordance with the laws of the order upon making affidavit of the facts in the case satisfactory to the Supreme Secretary, and paying a fee of fifty cents.

"Sec. 337. The change of beneficiary shall take effect upon the delivery of the benefit certificate, the written surrender and direction for change, as provided in the laws of the order, the proof of loss, if required, and the fee of fifty cents, to the regent, secretary, collector or treasurer of the council to which the member belongs.

"Sec. 338. The issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to a member."

That the same continued in force down to the time of Hallett's death, except that prior to and at the time of his death sections 334, 336, 337, and 338 had been amended to read as follows:

"Sec. 334. The written surrender and direction for change of beneficiary must be forwarded, under seal of the council, with the benefit certificate and fee of fifty cents, to the Supreme Secretary, who shall issue a new certificate in accordance with the direction of the member, if the direction is in accordance with the laws of the order, and if all other conditions have been complied with: Provided, however, that if the member has made a previous designation of his wife as beneficiary, and the direction for change designates another person as wife as substituted beneficiary, then a new certificate in accordance with such designation, shall not be issued by the Supreme Secretary until the validity of the second marriage shall be established to his satisfaction, by proof of the death of the former wife, or that such former marriage relation was dissolved or annulled by a court of competent jurisdiction, which fact shall be proven by the member by furnishing a certified copy of the judgment or decree of the court granting the divorce, and such further or additional proofs as the Supreme Secretary may require to determine the validity of the designation made."

"Sec. 336. In case a benefit certificate is lost or beyond a member's control, the member may, in writing, surrender all claim thereto, and direct that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries, in accordance with the laws of the order, and be entitled to such new certificate if, but not until, he shall furnish proof of the facts in the case by an affidavit or otherwise to, and to the complete satisfaction of the Supreme Secretary, and shall pay the required fee of fifty cents.

"Sec. 337. The change of beneficiary, if the new beneficiary is a person who would be a legal beneficiary, shall take effect upon the delivery of the benefit certificate, the written surrender and direction for change, as provided in the laws of the order, and in case the certificate is lost or beyond the control of the member the proof thereof, and the payment of the fee of fifty cents, to the regent, secretary, collector or treasurer of the council to which

the member belongs. If the person designated as a beneficiary by the member in attempting a change of beneficiaries is not a legal beneficiary, and he subsequently corrects his mistake by designating a person who would be such, the change of beneficiaries shall take effect upon the delivery of the benefit certificate, the written surrender thereof and direction for the change to such new legal beneficiary and payment to either of said officers of the fee of fifty cents, and in case the certificate is lost or beyond the member's control the proof thereof and the payment of the fee of fifty cents to the Supreme Secretary.

"Sec. 338. The issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to a member, but this provision shall not limit or affect any other law of the order rendering null and void such previous certificate, nor shall such issuance be a necessary condition precedent to such cancellation."

When the insured died, chapter 628 of the Acts of 1911, one of the statutes of Massachusetts, provided in part as follows:

"Death benefits shall be payable only to the wife, husband, relative by blood, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, betrothed, children or parents by legal adoption or to a person or persons dependent upon the member."

On about May 18, 1892 the following (Laws 1892, c. 690) became a law of the state of New York:

"Laws of the State of New York,

"Passed at the One Hundred and Fifteenth Session of the Legislature,

"Begun January 5, 1892, and Ended April 21, 1892.

\*    \*    \*    \*    .\*    \*    \*    \*    \*    \*    \*    \*

"Chapter 690.

"An Act in relation to insurance corporations, constituting chapter thirty-eight of the General Laws.

"Approved by the Governor May 18, 1892. Passed, three-fifths being present.

"The people of the state of New York, represented in Senate and Assembly, do enact as follows:

"Chapter XXXVIII of the General Laws.

"The Insurance Law.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Article VII.

"Fraternal Beneficiary Societies, Orders or Associations.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Section 233. *Mutual Benefit Fraternities.*—All beneficiary societies, orders or associations, whether voluntary or incorporated under the laws of this state or any other state or territory of the United States or of the District of Columbia, doing any kind of business in this state authorized by this article, and the members of which are proposed, elected and initiated in subordinate lodges or councils or other bodies, by whatever other name known, according to the constitution, laws, rules, regulations, rites and ceremonies of such societies, orders or associations respectively, now existing in this state, or which may be hereafter instituted, organized or authorized to do business, in this state, are declared to be mutual benefit fraternities and exempt from the provisions of the other insurance laws of the state, and shall be subject only to the provisions of this article, and such provisions of article one of this chapter as may be specially applicable thereto.

"Section 234. *Constitution and By-Laws.*—The incorporators, trustees, directors, members or representatives, as the case may be, of any fraternal bene-

ficiary society, order or association organized under this article, or under any act repealed by this chapter, shall have the power to make such constitution and by-laws not inconsistent with law, as may be deemed necessary for the government of its officers and the conduct of its affairs, and to alter and amend the same when necessary. When so made, altered or amended, they shall be the law governing such society, order or association and its officers, subordinate lodges, councils or bodies, and the members in their relations to such society, order or association in all their acts, and they and their successors may have a common seal and may change and alter the same.

"Section 235. *Agreements for Benefits.*—Any such fraternal beneficiary society, order or association, may make such promise or agreement with its members for the payment of benefits to a member or others dependent upon him, or a beneficiary designated by him in case of sickness, disability or death, or for the payment of money upon the expiration of a fixed period, in case a death loss has not been incurred before the expiration of such period, as may be provided for by the constitution, laws, rules and regulations of such society, order or association, subject to a compliance therewith by the member. It shall not issue any certificate or make any promise or agreement, express or implied, for the payment of any greater sum of money than one assessment upon all its members will realize at the time of issuing such certificate or the making of such promise or agreement, but no such fraternal beneficiary society, order or association not now doing business in this state shall issue any certificate for the payment of money upon the expiration of a fixed period of less than five years."

That the foregoing law had not been amended or repealed when the insured became a member of complainant, and remained practically unchanged until May 31, 1911, when the Legislature of the state of New York enacted the following (Laws 1911, c. 198):

"Chapter 198.

"An act to amend the Insurance Law, in relation to fraternal beneficiary societies, orders and associations.

\* \* \* \* \* \* \* \* \* \*

"231. *Benefits, Beneficiaries and Membership.*—1. Every society transacting business under this article shall provide for the payment of death benefits, and may provide for the payment of benefits in case of temporary or permanent physical disability as the result either of disease, accident or old age, provided that the period of life at which the payment of benefits for disability on account of old age shall commence shall not be under seventy years, and also may provide for monuments or tombstones to the memory of its deceased members, and for the payment of funeral benefits. Such society shall have the power to give a member when permanently disabled or upon attaining the age of seventy years all or such portion of the face value of his certificate as the laws of the society may specify: Provided that nothing in this article contained shall be so construed as to prevent the issuing of benefit certificates for a term of years less than the whole of life, which shall be payable upon the death or disability of the member occurring within the term for which the benefit certificate has been issued, or so as to permit any such society hereafter to make any promise or agreement for the payment of money upon the expiration of a fixed period, except as provided in subdivision (b) of subsection 1 of this section.

"(a) Such society shall, upon written application of the member, have the power to accept a part of the periodical contributions in cash and to charge the remainder, not exceeding one-half of the periodical contribution, against the certificate with interest payable or compounded annually at a rate not lower than four per centum per annum: Provided that this privilege shall not be granted except to societies which have readjusted or may hereafter re-

adjust their rates of contributions and to contracts affected by such readjustment.

"(b) Any society which shall show, by the annual valuation hereinafter provided for, that it is accumulating and maintaining the full reserve required by a table of mortality not lower than the American Experience Table and four per centum interest, may grant to its members extended and paid-up protection or such withdrawal equities as its constitution and laws may permit: Provided that such grants shall in no case exceed in value the portion of the reserve to the credit of the members to whom they are made.

"2. Such death benefit shall in certificates hereafter issued be payable only to wife, husband, relative to the fourth degree of consanguinity, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member: Provided that, if, after the issuance of the original certificate, the member shall become dependent upon an incorporated charitable institution, he shall, with the consent of the society, have the privilege of making such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary and, from time to time, may have the same changed in accordance with the laws, rules and regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member: Provided that any society may, by its laws, limit the scope of beneficiaries within the above classes. No contract under this article shall be valid which shall be conditioned upon an agreement or understanding that the person to whom the death benefit is made payable shall pay the periodical or other contribution of the member.

"3. A society may admit to beneficial membership any person not less than sixteen and not more than sixty years of age, who has been examined by a legally qualified physician and whose examination has been supervised and approved in accordance with the laws of such society: Provided that any beneficiary member of the society who shall apply for a certificate providing for disability benefits need not be required to pass an additional medical examination therefor. Nothing herein contained shall prevent such society from accepting general or social members."

Paragraph 249. "All acts or parts of acts inconsistent with this act are hereby repealed."

The last-quoted statute was in effect when Hallett died.

The defendants William P. Hallett and Russell B. Hallett did not, during the lifetime of deceased nor at the time of his death, depend upon him for support, maintenance, food, clothing, lodging, or education, nor did he provide any of these for either of said defendants. The deceased never designated either of said defendants as the beneficiary under said certificate, and at all times, both before and after the divorce and up to the time of his death, desired that his wife should receive payment of the benefit certificate provided she was unmarried. For several years after their marriage they lived together as man and wife; thereafter they separated and lived apart for some time prior to the death of the insured during which period he paid her from time to time various sums for her necessary maintenance, her own funds being insufficient therefor. Her remarriage occurred after his death.

The complainant makes no claim to the proceeds of the benefit certificate, having paid it into court, under order of court dated January 30, 1918, after bringing this action pursuant to the act of Congress approved February 22, 1917.

The court is called upon to decide whether the defendants William P. Hallett and Russell B. Hallett are entitled to the entire proceeds

of the benefit certificate in equal shares, or the defendant Lenora Hallett Churlo should receive such proceeds, or the defendants Hallett should receive the said proceeds less the assessments paid by defendant Churlo—$729.78—in which event the latter sum would be awarded to her.

The admirable briefs submitted with the agreed statement of facts evidence great industry on the part of counsel, are remarkably clear and comprehensive, and have very materially aided the court in arriving at a conclusion. The legal question involved is whether a wife, named as beneficiary in the benefit certificate of a deceased member of the Royal Arcanum, who later obtained a divorce from him, is entitled to the benefit from the widows' and orphans' death fund, when by the by-laws of the society a wife who obtains a divorce is disqualified, or whether under such circumstances the blood relatives of the deceased member are entitled to the benefit.

The defendants Hallett contend, first, that, as the complainant is a Massachusetts corporation, the laws of that state, the charter, constitution, and by-laws of the corporation, the application for membership, and the benefit certificate are all parts of the contract of insurance; second, that none of complainant's by-laws violate any Massachusetts statute when the contract was made; third, that defendant Churlo took no vested interest in the fund; fourth, that by the New York statutes and decisions defendants Hallett are entitled to the fund; fifth, that the latter defendants may raise the question of failure of designation because the death of the insured gave them a vested right in the benefit fund.

The defendant Churlo answers the first contention by pointing out that within New York state the Royal Arcanum may do only such acts as are permitted by the laws of New York (Phœnix Ins. Co. v. McMaster, 237 U. S. 63, 35 Sup. Ct. 504, 59 L. Ed. 839), and that, inasmuch as chapter 690, Laws of 1892 (section 235, supra), enumerates the classes of persons to whom the proceeds of a certificate may be lawfully paid, and, as the Halletts do not come within any of these classes, their claims cannot prevail.

The second contention relies upon the case of Tyler v. Odd Fellows' Association, 145 Mass. 134, 13 N. E. 360, which held that, where the by-laws of an order limited the payment of benefits to the heirs and members of the family of the insured, a wife, who was designated as the beneficiary and then divorced, ceased to be a member of the family, and lost her rights under the designation. However, the Royal Arcanum authorized payment of benefits to dependents also, a provision lacking in the Tyler Case. The defendant Churlo was a dependent.

The defendants Hallett next urge that defendant Churlo took no vested interest in the fund; but, as that is not claimed by her counsel, it need not be considered.

[1] The fourth point made is that under the statutes and decisions of New York the defendants Hallett should have the fund. These defendants do not point out how that conclusion is reached. Indeed, their reference to the aforesaid article 235, which provides that a benefit society may agree to pay a death benefit to "a beneficiary designated by"

the member (defendants were not so designated), is rather in favor of defendant Churlo's claim.

The final point made by the Halletts—that they may raise the question of failure of designation, because the death of the insured gave them a vested right in the fund—involves the question of whether any one but the society has the right to object to the payment being made to defendant Churlo. It appears to the court that the weight of authority is in favor of the proposition that, as the rules and by-laws of a society are intended for its own protection, only the society can take advantage of their provisions, and only the society can raise the objection that the beneficiary does not come within a class who may be designated. Maguire v. Maguire, 59 App. Div. 143, 69 N. Y. Supp. 61; Coulson v. Flynn et al., 181 N. Y. 62, 73 N. E. 507; Taylor v. Hair (C. C.) 112 Fed. 913.

[2, 3] It is well settled that the right of the Royal Arcanum to question the claim to the fund made by the defendant Churlo, the designated beneficiary, has been waived by its having deposited the fund in court, under the bill of interpleader. Maguire v. Maguire.

It has been held that a society cannot waive objections to the beneficiary where the qualifications of a beneficiary are prescribed. Modern Woodmen of America v. Comeaux, 79 Kan. 493, 101 Pac. 1, 25 L. R. A. (N. S.) 814, 17 Ann. Cas. 865. But the defendant Churlo comes within the statutory requirements of both Massachusetts and New York. The statutes of those states provide for payment of benefits to a wife and to persons dependent upon a member. Laws N. Y. 1892, c. 690, § 235; Laws N. Y. 1911, c. 198, § 231; St. Mass. 1911, c. 628, § 6.

If the foregoing views are correct, defendant Churlo is entitled to a judgment awarding her the net amount of the fund now on deposit with the clerk of this court, with accrued interest thereon.